IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TYSON J. SUGGS,

            Plaintiff,                 No. CIV S-10-3073 FCD GGH P

     vs.

ANTHONY HEDGPETH, Warden,
et al.,

            Defendants.         <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

1  preceding month's income credited to plaintiff's prison trust account.  These payments will be

2  forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's

3  account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

4  The court is required to screen complaints brought by prisoners seeking relief

5  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

6  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

7  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

8  granted, or that seek monetary relief from a defendant who is immune from such relief.  28

9  U.S.C. § 1915A(b)(1),(2).

10  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

11  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

12  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

13  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

14  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

15  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

16  Cir. 1989); Franklin, 745 F.2d at 1227.

17  A complaint must contain more than a "formulaic recitation of the elements of a

18  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

19  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

20  "The pleading must contain something more...than...a statement of facts that merely creates a

21  suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

22  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).   "[A] complaint must contain sufficient

23  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

24  v. Iqbal, No. 07-1015, 2009 WL 1361536 at * 12 (May 18, 2009) (quoting Twombly, 550 U.S. at

25  570, 127 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content

26  that allows the court to draw the reasonable inference that the defendant is liable for the

2

1  misconduct alleged." Id.

2          In reviewing a complaint under this standard, the court must accept as true the

3  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

4  738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,

5  and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.

6  1843 (1969).

7          Plaintiff has named two defendants, Warden Anthony Hedgpeth and Nursing

8  Supervisor V. Nagrampa, SRN II, against neither of whom he has framed colorable claims.  See

9  Complaint.  Plaintiff alleges that his Fourteenth Amendment rights to due process have been

10  violated and that he has been the victim of medical malpractice.  Complaint, p. 3.  Plaintiff

11  claims that on April 13, 2010, an unnamed "'RN psychtech'" did not reactivate his medications,

12  which include his pain medication, Naproxen (250 mg.) and stool softener, Docusate Sodium

13  (100 mg.).  Id.  He alleges that he was deprived of his medication for nine days and that his

14  physical therapy for a back, neck and spine injury, "was not activated until April 21, 2010."  Id.

15  Plaintiff alleges that the injuries for which he needs the medication and physical therapy were a

16  result of a staff assault, but that alleged assault is not what is at issue here.  Id.  Plaintiff seeks

17  money damages.  Id. at 6.  He makes a reference to "insurance worker's compensation" and Cal.

18  Penal Code §§ 548-550[1] (id.), none of which has any bearing on the claim or claims he

19  apparently seeks to raise in this court.

20          Some of plaintiff's own exhibits tend to undermine his claims, e.g., a portion of a

21  first level appeal response, dated June 14, 2010, evidently prepared by defendant Nagrampa,

22  contains the following:

23          Your request that the intake RN be fired is denied.  Your
             contention that the intake RN did not reactivate your naproxen 250
24          mg, stool softeners, or physical therapy upon your arrival at CSP-

25  ───────────────
26          [1] These sections of the state penal code speak to crimes, such as false claims, involving
    insured property.

1   Sacramento is false.  A copy of the pharmacy profile, indicating
    that your medication was faxed to the pharmacy by the intake RN
2   and that the pharmacy had dispensed said medication on April 14th,
    was shown to you during our interview.  You acknowledged during
3   the interview that the intake RN did his job and that your appeal
    has no basis.
4
    Your request for physical therapy is partially granted.  On April
5   21st, Dr. Bobbola wrote a Physician Request for Services for
    physical therapy.  This physical therapy is for your complaint of
6   persistent cervical and thoracic pain.  You were encouraged to
    attend your scheduled medical appointments as it was noted in
7   your medical file that on April 27th, May 11th and May 25th, that
    you did not come to your scheduled M.O. line and RN
8   appointments.  You were also encouraged to submit CDC 7362
    Health Care Services Form [sic] for any medical issues.  You
9   agreed to attend your scheduled medical appointments.

10  Complaint Exhibit (Ex.), p. 13.

11          Although plaintiff evidently took issue with this response, he did not specifically

12  deny its accuracy, except to the extent that he states that he did not have an appointment with the

13  clinic physician on April 27, 2010 and continues to state that he did miss nine days of medication

14  from April 13, 2010 to April 22, 2010.  Complaint Ex., p. 10.  In any event, plaintiff, by simply

15  alleging a violation of his due process rights under the Fourteenth Amendment, fails to state a

16  claim, inasmuch as the court is left to infer that he seeks to implicate defendant Nagrampa either

17  for his/her response to his grievance or on the basis of a non-colorable claim of medical

18  malpractice.

19          Prisoners do not have a "separate constitutional entitlement to a specific prison

20  grievance procedure."  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), citing Mann v.

21  Adams, 855 F.2d 639, 640 (9th Cir. 1988).  Even the non-existence of, or the failure of prison

22  officials to properly implement, an administrative appeals process within the prison system does

23  not raise constitutional concerns.  Mann v. Adams, 855 F.2d at 640.  See also, Buckley v.

24  Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Flick v. Alba, 932 F.2d 728 (8th Cir. 1991).  Azeez v.

25  DeRobertis, 568 F. Supp. 8, 10 (N.D.Ill. 1982) ("[A prison] grievance procedure is a procedural

26  right only, it does not confer any substantive right upon the inmates.  Hence, it does not give rise

                                                4

1  to a protected liberty interest requiring the procedural protections envisioned by the fourteenth

2  amendment").  Specifically, a failure to process a grievance does not state a constitutional

3  violation.  Buckley, supra.  State regulations give rise to a liberty interest protected by the Due

4  Process Clause of the federal constitution only if those regulations pertain to "freedom from

5  restraint" that "imposes atypical and significant hardship on the inmate in relation to the ordinary

6  incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 484, 115 S. Ct. 2293, 2300 (1995).[2]

7  In this instance, plaintiff appears simply to disagree with, or dispute the accuracy of, at least a

8  portion of the response, and does not claim that his grievance was not processed.  Plaintiff's due

9  process claims against defendant Nagrampa will be dismissed but plaintiff will be granted leave

10  to amend.  As to defendant Hedgpeth, the court cannot even infer a due process claim against this

11  prison official as plaintiff fails to include any documentation from which such an inference could

12  be drawn.

13          With respect to any claim of medical malpractice, such a claim is not cognizable

14  under 42 U.S.C. § 1983.  In Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285 (1976), the

15  Supreme Court held that inadequate medical care did not constitute cruel and unusual

16  punishment cognizable under § 1983 unless the mistreatment rose to the level of "deliberate

17  indifference to serious medical needs."  In applying this standard, the Ninth Circuit has held that

18  before it can be said that a prisoner's civil rights have been abridged, "the indifference to his

19  medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice'

20  will not support this cause of action."  Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir.

21

22          [2]  "[W]e recognize that States may under certain circumstances create liberty interests
which are protected by the Due Process Clause. See also Board of Pardons v. Allen, 482 U.S.

23  369, 107 S. Ct. 2415, 96 L.Ed.2d 303 (1987). But these interests will be generally limited to
freedom from restraint which, while not exceeding the sentence in such an unexpected manner as

24  to give rise to protection by the Due Process Clause of its own force, see, e.g., Vitek v. Jones,
445 U.S. 480, 493, 100 S.Ct.1254, 1263-1264 (transfer to mental hospital), and Washington[ v.

25  Harper], 494 U.S. 210, 221- 222, 110 S.Ct. 1028, 1036-1037 (involuntary administration of
psychotropic drugs), nonetheless imposes atypical and significant hardship on the inmate in

26  relation to the ordinary incidents of prison life." Sandin v. Conner, supra.

1  1980), citing Estelle, 429 U.S. at 105-06, 97 S. Ct. 285.  Plaintiff's claims of medical malpractice

2  will be dismissed but plaintiff will be granted leave to amend.

3  　　　　　　If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

4  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

5  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

6  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

7  there is some affirmative link or connection between a defendant's actions and the claimed

8  deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d

9  164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore,

10 vague and conclusory allegations of official participation in civil rights violations are not

11 sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

12 　　　　　　In addition, plaintiff is informed that the court cannot refer to a prior pleading in

13 order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

14 complaint be complete in itself without reference to any prior pleading.  This is because, as a

15 general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

16 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

17 longer serves any function in the case.  Therefore, in an amended complaint, as in an original

18 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

19 　　　　　　In accordance with the above, IT IS HEREBY ORDERED that:

20 　　　　　　1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

21 　　　　　　2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

22 Plaintiff is assessed an initial partial filing fee of $ 1.33.  All fees shall be collected and paid in

23 accordance with this court's order to the Director of the California Department of Corrections

24 and Rehabilitation filed concurrently herewith.

25 　　　　　　3.  The complaint is dismissed for the reasons discussed above, with leave to file

26 an amended complaint within twenty-eight days from the date of service of this order.  Failure to

1   file an amended complaint will result in a recommendation that the action be dismissed.

2   DATED: December 23, 2010

3                                                    /s/ Gregory G. Hollows

4                                          _____
                                           GREGORY G. HOLLOWS
5                                          UNITED STATES MAGISTRATE JUDGE

6

7   GGH:009
    sugg3073.b
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26